IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY GLEASON,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFF LYNCH, et al.,<br><br>    Defendants. | No. 2:20-CV-1960-WBS-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

8        The named Defendants are scattered throughout the complaint. It appears Plaintiff

9  names the following as defendants: (1) Jeff Lynch, superintendent warden at California State

10  Prison, Sacramento (CSP-Sac); (2) T. Foss, Hiring Authority warden and employee with the

11  Internal Affairs and Inspector General's Office; (3) M. Wade, lieutenant at CSP- Sac; (4) J.

12  Kelley, Appeals Coordinator at CSP-Sac; (5) J. Polich, a prison captain at CSP-Sac; (6) Meat, Sr.

13  and (7) B. Johnston, officers at CSP-Sac; (8) T. Lindquist, a librarian at CSP-Sac; (9) A.

14  Marshall, a counselor at CSP-Sac; (10) M. Bobbala, the Chief Medical Executive at CSP-Sac;

15  (11) Roy W. Wesley; (12) C. Cook; (13) Bryon B. Beyer, Chief Inspector General; and (14) S.

16  Williamson, a warden at CSP-Sac. See ECF No. 1. Plaintiff's complaint is vague and wanders

17  often, but it appears Plaintiff raises four claims.

18        For Plaintiff's first claim, it seems that Plaintiff was using the CSP-Sac library in

19  A yard on January 27, 2020. Id. at 3. A male prisoner approached Plaintiff to ask if Plaintiff

20  would like to leave his legal paperwork with the library. Id. Plaintiff said yes and came back at

21  10:00 a.m. the next day to pick up his paperwork. Id. T. Lindquist then allegedly told Plaintiff to

22  come back at 11:00 a.m. Id. Plaintiff claims T. Lindquist violated his First, Fifth, and Fourteenth

23  Amendment rights to access the courts because Plaintiff had a filing deadline with the Eastern

24  District of California. Id. at 4.

25        In his second claim, Plaintiff alleges that he went to the library and asked a male

26  prisoner for an envelope. Id. at 5. When the prisoner refused, Plaintiff went to the office and

27  asked the acting librarian for an envelope. Id. Plaintiff claims the acting librarian sent out a helper

28  to call officers for assistance because she "over reacted." Id. Twenty officers showed up, though

1  it is unclear what happened after. Id. Plaintiff claims he still does not have his "name," because
2  the Appeals Coordinator J. Kelley refused to process Plaintiff's grievances. Id. Plaintiff claims a
3  First Amendment violation to the right of free speech and access to the courts. Id.
4         In his third claim, Plaintiff alleges that on April 1, 2020, Officer B. Johnston
5  reported two black inmates fighting. Id. at 6. Plaintiff claims that the other inmate was the
6  aggressor and seems to imply Plaintiff was the other inmate in the altercation. Id. Officers
7  Johnston and Meat were allegedly negligent in giving Plaintiff a rules violation that effected
8  Plaintiff's good-time credits. Id. Plaintiff notes that S. Williamson and Jeff Lynch were both
9  acting lieutenants at the time. Id. This incident allegedly violated Plaintiff's right to free speech
10 and the Americans with Disabilities Act (ADA) because of his disability. Id.
11        Plaintiff's fourth claim states that Plaintiff has filed ten California Department of
12 Corrections and Rehabilitations (CDCR) grievances against Lindquist for filing false reports and
13 for use of force, but Defendants Lynch and T. Foss have not answered Plaintiff's complaints. Id.
14 at 8. Plaintiff alleges Lindquist violated Plaintiff's First Amendment rights to free speech and the
15 ADA. Id.
16        The complaint then lists two other violations not listed as claims. Plaintiff alleges
17 the Defendants also violated the Eighth Amendment through cruel and unusual punishment. Id. at
18 9. Finally, Plaintiff alleges deliberate indifference to medical needs against M. Bobbala because
19 of his "High Blood" needs. Id.
20
21                  **II.  DISCUSSION**
22        As discussed below, all of Plaintiff's claims are defective.
23    **A.**     **Lack of Sufficient Facts**
24        The majority of the named defendants are either not mentioned within Plaintiff's
25 complaint or Plaintiff establishes insufficient facts that link defendants to a constitutional
26 deprivation. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
27 connection or link between the actions of the named defendants and the alleged deprivations. See
28 Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A

3

person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff lists defendants who are not mentioned in the complaint or Plaintiff does not elaborate on a defendant's specific actions that resulted in the alleged constitutional deprivations. See ECF No. 1. Plaintiff alleges that Bobbala was deliberately indifferent to Plaintiff's medical needs, but Plaintiff does not explain what actions Bobbala took that violated Plaintiff's rights. Id. at 9. Plaintiff does not explain how receiving a rules violation from Meat and Johnston deprived Plaintiff of his right to free speech. Id. at 6. Nor does Plaintiff establish his disability or provide information about the facts regarding the rules violation other than that he received one for fighting. Id. Plaintiff indicates that Williamson and Lynch were present during the altercation, but he does not indicate what actions or orders they executed that led to a constitutional deprivation. Id. Without specific facts that demonstrate the role each Defendant had in depriving Plaintiff of his constitutional rights, Plaintiff does not state any cognizable claims. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff will be given an opportunity to amend and provide more facts.

**B.   Access to the Courts**

Prisoners have a First Amendment right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  This right includes petitioning the government through the prison grievance process. See id.  Prison officials are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from

persons trained in the law." Bounds, 430 U.S. at 828.  The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).  Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes.  Lewis, 518 U.S. at 362.

Plaintiff's first claim against Lindquist is not sufficient to establish how waiting an hour to return Plaintiff's paperwork resulted in prejudice against the Plaintiff. ECF No. 1, pg. 4. Plaintiff asserts he had a deadline to meet, but does not indicate prejudice, if Plaintiff missed the deadline, or whether Lindquist's actions were unrelated to a penological purpose. Id. Without more facts, Plaintiff fails to show how Lindquist prevented Plaintiff from accessing the courts.

**C.    Grievance Process**

Plaintiff claims Defendant Kelley violated Plaintiff's right to file a grievance and that Lynch and Foss failed to adequately tend to Plaintiff's complaints. Id. at 5, 8. The right to file a grievance is not the same as the right to petition the courts. Prisoners have no stand-alone due process rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).  Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have

1 reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999)
2 (finding that failure to properly process grievances did not violate any constitutional right); Cage
3 v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to
4 properly process and address grievances does not support constitutional claim); James v. U.S.
5 Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to
6 amend because failure to process a grievance did not implicate a protected liberty interest);
7 Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that
8 grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do,
9 however, retain a First Amendment right to petition the government through the prison grievance
10 process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with
11 the grievance process may, in certain circumstances, implicate the First Amendment.

12 As stated above, the failure to properly process a grievance does not amount to a
13 constitutional violation. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999); Cage v.
14 Cambra, 1996 WL 506863 (N.D. Cal. 1996); ); James v. U.S. Marshal's Service, 1995 WL 29580
15 (N.D. Cal. 1995); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994). According to
16 Plaintiff's complaint, Plaintiff was able to successfully file ten grievances against Lindquist, and
17 possibly several more against Johnston and Meat. ECF No. 1, pgs. 6, 8. Plaintiff does not
18 adequately explain how Lynch and Foss's failure to remove Lindquist and adequately process
19 some of Plaintiff's complaints violates Plaintiff's constitutional rights. Id. at 8. It is also unclear
20 what link there is between Defendant Kelley's failure to properly process a grievance and
21 Plaintiff's allegations that prevented Plaintiff from accessing the court. Id. at 5. There is no
22 constitutional violation for ignoring or failing to properly process a grievance. Cage, 1996 WL
23 506863; see Calderon, 1999 WL 1051947.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 4, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE